UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00489-FDW-DCK

| GARY R. LETO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | ORDER |
| WORLD RECOVERY SERVICE, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

THIS MATTER is before the Court *sua sponte* concerning the status of this case. On March 11, 2015, this Court issued a Show Cause Order to Plaintiff to respond as to why this case should not be dismissed for failure to prosecute. (Doc. No. 7). In response, Plaintiff—through his counsel—filed a Motion for Default Judgment. (Doc. No. 8). In that response, Plaintiff's counsel indicated, "In the interest of full disclosure, Plaintiff realized, when his attorneys presented him with the declaration in support of his motion to sign, that Plaintiff . . . was a student in Judge Whitney's Federal Sentencing Law class at the Charlotte School of Law in January of this year." Id. at 1, n. 1. Plaintiff's motion contends that this does not present an issue requiring transfer of this case to another judge.

Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." While the Court stops short of concluding that recusal here is required, the Court finds several unique factors in this case make recusal the more prudent action. Here, the Court notes the close proximity in time to the class attended by Plaintiff, as well as the fact the class was a concentrated seminar-style class limited to six students. Additionally, the instant motion before the Court concerns a

default judgment where the Court's discretion, in large part, governs the appropriate award of damages to Plaintiff. Thus, in the interests of avoiding the appearance of any impartiality, recusal is appropriate. The Court notes that this ruling is entirely distinguishable from a scenario where a former student appears as counsel for a party in an action before this Court. Instead, this case is *sui generis* in that a former student to a class taught by the undersigned less than three months ago is the *party* to this action.

      IT IS THEREFORE ORDERED that the Court recuses itself from this matter, and the Clerk's office is respectfully DIRECTED to reassign this case to another judge.

      IT IS SO ORDERED.

Signed: April 13, 2015

Frank D. Whitney
Chief United States District Judge