UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00489-FDW-DCK

| | |
|---|---|
| GARY R. LETO,<br><br>    Plaintiff,<br><br>vs.<br><br>WORLD RECOVERY SERVICE, LLC,<br><br>    Defendant. | ORDER AND DEFAULT JUDGMENT |

**THIS MATTER** is before the Court on plaintiff Gary Leto's, ("plaintiff") Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. No. 8). For the reasons set forth below, plaintiff's motion will be granted.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

On September 5, 2014, Plaintiff filed suit against World Recovery Service, LLC, ("defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the North Carolina Collection Agency Act ("NCCAA"). 15 U.S.C. § 1692, *et seq.*; N.C. Gen. Stat. § 58-70-90, *et seq*. Based on affidavit of service, the court finds that defendant was properly served with the summons and complaint in this action on September 15, 2014. (Doc. No. 5). Further, this court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1267, and personal jurisdiction over defendant because a substantial part of the events and omissions giving rise to this claim occurred in Charlotte, North Carolina. (Doc. No. 1, exhibit 2-9). Defendant is a corporation and as such is not an infant or incompetent person. Despite being

lawfully served, defendant has nonetheless failed to answer or otherwise defend the action within the time permitted by the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court properly entered defendant's default on January 14, 2015. (Doc. No. 6). Plaintiff now requests default judgment on its claims, plus an award of attorney's fees. (Doc. No. 8).

## II. Applicable Standard

The award of default judgment is governed by Rule 55, which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Here, defendant has been totally unresponsive, even to the Clerk's Notice of Default.

Where default is propose and liability is established, the court must then determine damages. Carter Behavior Health, 2011 WL 5325485, at *4 (citing Ryan, 253 F.3d at 780-81; Gaines, 635 F. Supp. 2d at 416-17). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp.2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See E.E.O.C. v. North Am. Land Corp., No. 1:08–cv–501, 2010

2

WL 2723727, at *2 (W.D.N.C. Jul.8, 2010). Here, the court has relied on the record before it in determining an appropriate award of damages.

**III.    Discussion**

To determine damages on these two claims the court relies on affidavits and documentary evidence in the record. (Doc. No. 1 and Doc. No. 8, Attachments 1-5). Plaintiff requests judgment against Defendant as follows:

| | |
|---|---|
| FDCPA[1] Statutory Damages | $1,000.00 |
| NCCAA[2] Statutory Damages | $112,000.00 |
| FDCPA Actual Damages | $10,000.00 |
| NCCAA Actual Damages | $10,000.00 |
| Attorneys' Fees | $3,235.00 |
| Court Costs | $400.00 |
| TOTAL | $136,635 |

In determining whether to enter default judgment, the court must determine whether the well-pleaded allegations of the complaint support the relief sought. Ryan v. Homecomings Financial Network, 253 F.3d 778, 780 (4th Cir. 2001). The court finds that the allegations in the complaint establish violations of the FDCPA and the NCCAA. Plaintiff alleged that defendant called the plaintiff on two separate occasions with threats of lawsuits and false representations of an alleged debt, patent violations of the FDCPA. (Doc. No. 1). Furthermore, this same conduct violated the applicable state statute as well, the NCCAA. Id. Therefore, the court finds sufficient allegations that support the relief sought, so default judgment is proper.

Plaintiff requests this Court to award statutory damages in the amount of $1,000 for violations of the FDCPA, and $112,000 for violations of the NCCAA, and actual damages of

---

[1] 15 U.S.C. § 1692, *et seq.*
[2] N.C. Gen. Stat. § 58-70-90, *et seq.*

3

$10,000 for violation of the FDCPA and the NCCAA. Plaintiff explains that he is entitled to this award because defendant's threats to sue plaintiff caused him personal humiliation, embarrassment, mental anguish, and emotional distress.

**A.     Damages for Violation of Federal Law**

The FDPCA provides for both actual damages and statutory damages up to $1,000 per lawsuit. 15 U.S.C. § 169(k). FDCPA actual damages include damages for emotional distress and relational injuries. Ademiluki v. Pennymac Mortg. Inv. Trust Holdings I, LLC, F. Supp. 2d 502, 536 (D. Md. 2013). However, courts have been reluctant to award damages for emotional distress from violations of the FDCPA absent an aggrieved plaintiff receiving mental health treatment or evidence that emotional distress concretely affected a plaintiff's personal or professional life. See Crass v. Marval & Associates LLC, 2010 WL 2104174, *1 (E.D. Wis. 2010) (plaintiff's request for $3,500 in actual damages was denied because "she failed to provide a reasonably detailed explanation of the emotional injuries suffered"). Here, plaintiff requests $1,000 in statutory damages under the FDPCA, which is the maximum amount which can be awarded under the FDCPA, but which is reasonable under the allegations of this Complaint.

Plaintiff also requests $10,000 in actual damages under the FDCPA, citing personal humiliation, embarrassment, mental anguish, and emotional distress. In support, plaintiff submitted a declaration stating that he experienced frustration, stress, and anxiety due to defendant's conduct on two separate occasions. (Doc. No. 8, Attachment 2). Specifically, plaintiff states that these conversations caused him to lose sleep, to fear that he would be denied the opportunity to sit for the North Carolina Bar examination, and to have tension in his relationship with his girlfriend. Id. Plaintiff also had to change his telephone number. Id. The court notes

4

that despite such trepidation, he was able to sit for the North Carolina bar examination. Id.

From what the court discerns from the pleadings, defendant unlawfully attempted to collect from plaintiff a debt that had been lawfully discharged in bankruptcy, a clear violation of federal and state law. In doing so, defendant harassed and threatened plaintiff. As far as plaintiff's damages, defendant's illegal conduct consisted of two threatening phone calls that caused plaintiff an expected amount of stress and anxiety that apparently abated over time, without need for mental health treatment, and in such a manner as to allow completion of his studies and sitting for the state bar exam. Plaintiff's declaration does not indicate how long he suffered from this emotional distress, though it can be assumed he suffered during the span of the two phone calls and several weeks beyond, for a total of five months. However, five months of modest anxiety and stress does not, without more, support an award of $10,000. Accordingly, the court will award Plaintiff $1,000 in statutory damages and $1,000 in actual damages under the FDCPA.

**B. Damages for State Law Violations**

Plaintiff further requests $112,000 in statutory damages and $10,000 in actual damages under the NCCAA. While a party may typically recover only once for his injuries, "[d]amages under the FDCPA do not preclude damages under relevant state law," here the NCCAA. Baie v. Prime West Mgmt. Recovery, LLC, 2011 WL 1257148, at *9 (E.D.N.C. 2011).

The NCCAA provides for actual damages and statutory damages of between $500 and $4,000 per *violation*. N.C. Gen. Stat. § 58-70-130(b) (emphasis added). "Violation" does not correlate to the number of counts alleged, but to the number of separate instances the defendant violated the state statute. See Baie, 2011 WL 1257148 at *10-11 (awarding $2,000 for each of the five occasions where the defendant contacted the plaintiff); In re Kirkbride, 2010 WL 4809334, at

5

*14 (E.D.N.C 2010) (awarding monetary damages per call, not per count of the NCCAA violated). Here, the court has found two violations based on the allegations of the Complaint.

In Baie v. Prime West Mgmt. Recovery, the court held that the defendant's conduct of making four threatening phone calls and one in-person visit was "sufficiently egregious to justify an award of a $2,000 penalty per violation . . . for a total of $10,000." Baie, 2011 WL 1257148 at *11. In In re Kirkbride, the court awarded $200 per answered call, totaling in a $35,000 award, where plaintiffs received threatening phone calls stating that their loans were in default. In re Kirkbride 2010 WL 4809334 at *14. This court finds the alleged egregiousness of the calls at issue here to fall between those in Baie and Kirkbride and finds that $1,000.00 per unlawful call is an appropriate award of statutory damages based on the alleged egregiousness of the calls at issue here. Further, the court finds that only two calls were made, not three, based on the allegations of the Complaint. Analysis of actual damages under the NCCAA is the same as the FDCPA, so for the reasons set forth above, the court will award actual damages for violation of the NCCAA in the amount of $1,000

### C. Attorney's Fees

Under the FDCPA, a plaintiff can recover from a debt collector "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 169(k)(a)(3). "This determination is within the sound discretion of the court." Barnett v. Creditors Specialty Serv., 2013 WL 1629090, at *8 (W.D.N.C. 2013) (citing Beasley v. Sessoms & Rogers, P.A., 2011 WL 5402883 **2 (E.D.N.C. 2011)). To calculate a reasonable attorney's fee, the court calculates the Lodestar amount: the number of hours reasonably expended times reasonable hourly rate. Barnett, 2013 WL 1629090 at *8 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

However, the Court "is not required to engage in a lengthy discussion concerning what portion of the award is attributable to each factor." Barnett, 2013 WL 1629090 at *9 (citing Arnold v. Burger King Corp., 719 F.2d 63, 67 n.4 (4th Cir.), cert. denied 469 U.S. 826, 105 S. Ct. 108, 83 L. Ed. 2d 51 (1984)).

The court first considers the reasonable hours expended, by reviewing the records submitted in support of the motion and excluding any hours that are redundant. Barnett, 2013 WL 1629090 at *10 (citing Hensley, 461 U.S. at 434). This court has reviewed the records in support of the motion and finds that the hours billed are reasonable and not redundant.

Next, the Court considers the reasonably hourly rate at which those hours are billed. The plaintiff bears the "burden of proof that the hourly rates sought for counsel and the paralegal are reasonable." Barnett, 2013 WL 1629090 at *11 (citing Robinson v. Equifax Information Serv., LLC, 560 F.3d 235, 244 (4th Cir. 2009)).

> [The] determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. In addition to the attorney's own affidavits, the fee applicant must produce *satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.*

Id. at *11-12 (emphasis added). Here, plaintiff's attorney did not submit any evidence concerning the prevailing rates of attorneys and paralegals within this community. The sole evidence provided was the attorney's affidavit, which only states the rates at which members of his law firm are billed. While the court would have preferred an affidavit as to prevailing rates, this court is very aware of prevailing rates for both attorneys and paralegals providing legal and legal support services in the Charlotte Division and finds that such rates are not only reasonable, but well within the range of prevailing rates typically charged in the Charlotte Division of this court for similar litigation. In

7

Farbotko v. Clinton County of New York, 433 F.3d 204 (2nd Cir. 2005), the Court of Appeals for the Second Circuit held, as follows:

> the equation in the caselaw of a "reasonable hourly fee" with the "prevailing market rate" contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. This may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district.

Id. at 209 (citations omitted). The court will grant a total fee award of $3235.00 and award $400 in costs for the filing fee and service of process.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Default Judgment (Doc. No. 8) is **GRANTED**.

## DEFAULT JUDGMENT

**IT IS ORDERED** that **JUDGMENT** be and hereby is entered in favor of plaintiff and against defendant, providing that plaintiff have and take of defendant a total award of $8,635.00 with interest thereupon accruing at the lawful federal judgment rate.

Signed: April 27, 2015

Max O. Cogburn Jr.
United States District Judge

8